**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **KELVIN G. MACKEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 2:17cv____** |
| ) | |
| **MACSONS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

The plaintiff, Kelvin G. Mackey, by counsel, states as follows for his Complaint against the defendant, Macsons, Inc. ("Macsons"):

### I. PRELIMINARY STATEMENT

The plaintiff, by counsel, brings this action pursuant to 29 U.S.C. § 216(b) (Section 16(b) of the Fair Labor Standards Act ("FLSA")) to recover from the defendant, Macsons, unpaid overtime compensation, liquidated damages, reasonable attorney's fees, costs, as well as such additional relief as set forth below.

### II. PARTIES, JURISDICTION AND VENUE

1.     Kelvin G. Mackey ("Mackey") is an individual who lives in Portsmouth, Virginia.

2.     Upon information and belief, defendant Macsons is a Virginia corporation with its headquarters and principal place of business in Norfolk, Virginia.

3.     Macsons is in the demolition business.  Its services consist mainly of environmental remediation, asbestos abatement, mold remediation, mold removal, demolition, and materials recycling (including crusher run and aggregate).

4.     The Court has personal jurisdiction over Macsons as it routinely transacts business in Virginia and is subject to personal service of process in Virginia.

5.     The Court has federal question subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as the claims are for unpaid overtime compensation under 29 U.S.C. § 207 and § 216.

6.     Venue is proper in the United States District Court for the Eastern District of Virginia under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to these claims occurred in this district.  Specifically, a portion of the unpaid overtime wages sought in this action was earned in this district.  Similarly, the Norfolk Division is the proper division under Rule 3(C) of the Local Rules for the United States District Court for the Eastern District of Virginia.

7.     This is a action for unpaid wages, damages, and other relief under 29 U.S.C. § 216(b) of the Fair Labor Standards Act.

### III. FACTUAL ALLEGATIONS

8.     In the mid-1990s Mackey started working for the defendant Macsons.

9.     Mackey stopped working for the defendant in June 2016.

10.     When Mackey started working for Macsons, he was hired as a laborer and received an hourly wage.

11.     Sometime prior to 2013 Mackey was promoted to the position of supervisor.  In 2014 he was paid at a flat rate of $700 per week, which increased to $750 per week in August 2014.  Mackey was paid at that rate ($750 per week) until he no longer worked for Macsons.

12.     Although Mackey was promoted to the position of supervisor, the vast majority of his daily work involved manual labor.

13.     During the entire time Mackey was employed by Macsons, he was a non-exempt employee who should have been paid at an hourly rate of pay.  As a non-exempt employee, he was also entitled and legally required to be paid at a rate of one and half times his normal hourly rate of pay for any overtime hours worked.

14.     Macsons is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, or works on goods and materials that have been moved in or produced for interstate commerce.

15.     Macsons has annual gross receipts of more than $500,000.

16.     The FLSA defines "employer" to "include[] any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).

17.     At all relevant times, Macsons was an "employer" within the definition of 29 U.S.C. § 203 of the Fair Labor Standards Act ("FLSA").

**FIRST CAUSE OF ACTION – UNPAID OVERTIME UNDER THE FLSA**

18.     The allegations contained in paragraphs 1 – 17 are incorporated by reference as if fully set forth herein.

19.     The defendant employed Mackey continuously from on or about July 2014 until June 2016.

20.     During the period covered by his employment with the defendant, the plaintiff Mackey performed overtime work for which the defendant **willfully** failed to pay him overtime compensation in violation of 29 U.S.C. § 207 of the FLSA.

21.     The plaintiff worked in excess of 40 hours in many weeks for which the defendant Macsons **willfully** failed to pay him overtime in violation of 29 U.S.C. § 207 of the FLSA.

22.     The defendant Macsons knew or showed reckless disregard for the matter of whether its failure to pay overtime was prohibited by law and its failure to pay overtime was not done in good faith.

23.     The plaintiff Mackey has been damaged by the defendant Macsons's failure to pay overtime as required by law.

Wherefore, the Plaintiff respectfully prays that the Court find that the plaintiff recover unpaid overtime wages of $10,000.00, liquidated damages in an equivalent amount, reasonable attorneys' fees, prejudgment and post-judgment interest, court costs, and other relief by reason of the defendant's repeated and longstanding violations of the FLSA; set this matter for a **trial by jury** on all issues so triable; and award such other and further relief, including but not limited to court costs, as the Court may deem just and proper.

**The plaintiff requests a trial by jury.**

**KELVIN G. MACKEY**

By: _____/s/_____

Christian L. Connell
Bar No. 35009
Attorney for the Plaintiff Kelvin G. Mackey
CHRISTIAN L. CONNELL, P.C.
555 East Main Street, Suite 1102
Norfolk, Virginia 23510
757.533.6500
757.299.4770 (fax)
Email: christian.connell@outlook.com